IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02480-BNB

ERIC HOUSTON,

    Plaintiff,

v.

WARDEN DANIALS, and
CAPTAIN HUTCHINGS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 23 2010

GREGORY C. LANGHAM
                CLERK

ORDER OF DISMISSAL

Plaintiff, Eric Houston, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado (USP-Florence). Mr. Houston initiated this action by filing *pro se* a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), in which he failed to assert any claims and only asserted a violation of his constitutional rights. He also filed two letters and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

In an order filed on October 22, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Houston to cure certain enumerated deficiencies in the case within thirty days. Specifically, Mr. Houston was ordered to submit on the Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with an original signature and a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. He also was told to submit on the Court-approved form a completed complaint with an original signature.

On October 29, 2009, Mr. Houston submitted a letter. On November 16, 2009, he submitted a motion for the appointment of counsel, two different amended complaints, and an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with an original signature but without a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. He alleged that he was being denied such a statement. On November 27, 2009, he submitted a letter and a document titled "Second Amended Complaint."

On December 1, 2009, Magistrate Judge Boland entered a minute order directing Mr. Houston within thirty days to submit a certified copy of his trust fund account statement or show cause why he is unable to do so, including written documentation of any denial by a prison official of his request for a certified trust fund account statement. Magistrate Judge Boland warned Mr. Houston that failure within the time allowed either to submit a certified account statement or to show cause why he was unable to do so would result in the dismissal of the instant action.

On December 10, 2009, Mr. Houston submitted a response to the December 1 order together with an uncertified copy of his trust fund account statement for one month only and a response to his December 6, 2009, inmate request to staff purporting to deny him a certified copy of his trust fund account statement, although the authenticity of the counselor's response was doubtful. Based on Mr. Houston's representations, Magistrate Judge Boland on December 14, 2009, ordered the USP-Florence warden to show cause why Mr. Houston should not be granted leave to proceed pursuant to 28 U.S.C. § 1915 because prison officials refused to provide him with a certified copy of his trust fund account statement.

On January 22, 2010, Magistrate Judge Boland issued a second order to the USP-Florence warden because the Court had not received a response from the warden to the December 14 order to show cause. Mr. Houston continued to submit letters and other papers to the Court, including another amended complaint filed on February 8, 2010. Also on February 8, the USP-Florence warden responded to the second order to show cause with affidavits asserting that Mr. Houston had not yet requested a certified copy of his trust fund account statement, although he had been told how to do so, and that prison officials had not refused to provide Mr. Houston with a certified copy of his trust fund account statement. The February 8 response also asserted that documents Mr. Houston filed purporting to show that correctional counselor, Brenda Olmstead, denied his requests for a copy of his account statement were forgeries.

On February 11, 2010, Mr. Houston submitted a letter to the Court allegedly written by a "John T" and apparently in response to the February 8 response by the warden. He has failed, within the time allowed, either to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing or to show cause as directed why he was unable to do so. Therefore, Mr. Houston has failed, within the time allowed, to cure all the deficiencies designated in the October 22 order to cure. Accordingly, it is

ORDERED that the complaint, amended complaints, and the action are dismissed without prejudice for failure to cure all the deficiencies designated in the October 22, 2009, order to cure. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  23rd  day of   February  , 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02480-BNB

Eric Houston
Reg. No. 16891-074
USP – Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/23/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk